# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| VERONICA ROBINSON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-5168 |
| | § | |
| BAC HOME LOAN SERVICING, | § | |
| LP, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Barett Daffin Frappier Turner & Engel LLP's ("BDFTE") Motion to Dismiss Pursuant to FRCP 12(b)(6), FRCP 8(a)(2) [Doc. # 3] ("Motion to Dismiss"), to which Plaintiff, who is proceeding *pro se*, has responded in opposition [Doc. # 10], and BDFTE has replied [Doc. # 11]. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court **grants in part and denies in part** BDFTE's Motion to Dismiss.

### I.     BACKGROUND

This lawsuit arises out of the foreclosure and subsequent sale of Plaintiff's home in Houston, Texas. On or about March 20, 2008, Plaintiff executed a promissory note in the approximate amount of $123,382.00, and a deed of trust, both

of which named Countrywide KB Home Loans as the lender.[1] The deed of trust designated ReconTrust Company N.A. as trustee and as the party "authorized to invoke the provisions of the deed of trust."[2]

Plaintiff alleges that on or about August 2, 2010, BDFTE,[3] acting on behalf of Defendant BAC Home Loan Servicing, LP ("BAC"), commenced a foreclosure action against Plaintiff's home.[4] Plaintiff alleges that on or about August 9, 2010, she received a letter from BDFTE. The August 9, 2010, letter stated that BDFTE had been retained by BAC, that BDFTE had commenced a foreclosure action against Plaintiff's home and that the letter was an attempt to collect a purported debt owed to BAC.[5] The letter further notified Plaintiff that her home would be sold on September 7, 2010, if action was not taken to rectify the delinquency.[6] Plaintiff alleges that the

---

[1]   Complaint [Doc. # 1], ¶ 7.

[2]   *Id.*, ¶ 8.

[3]   According to Defendant's Motion to Dismiss, BDFTE is a law firm that was engaged by BAC to foreclose Plaintiff's mortgage via non-judicial means. *See* Motion to Dismiss [Doc. # 3], ¶ 2.

[4]   Complaint, ¶ 10.

[5]   *Id*.

[6]   *Id.*, ¶ 11. Specifically, the letter stated that Plaintiff's home would be sold on September 7, 2010, if Plaintiff did not bring her loan current including any related costs, consider forming a repayment plan with BAC, modify the loan with BAC, sell the home prior to the completed foreclosure, transfer the property to a servicer or one of their designated parties, or borrow additional money to pay any delinquent amount.

letter failed to state the amount owed, the creditor to whom the money was owed, and the legal authority upon which BAC's or BDFTE's action to sell Plaintiff's home was based.[7] Plaintiff's home was sold at public auction on September 7, 2010, to the Federal National Mortgage Association, more commonly known as Fannie Mae, for $108,820.00.[8]

On December 23, 2010, Plaintiff filed this lawsuit asserting violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 ("FDCPA"); Federal civil rights violations and conspiracy under 42 U.S.C. §§ 1981, 1982, and 1985; and Texas common law claims of reckless and intentional infliction of emotional distress, civil conspiracy, fraud and negligent misrepresentation. Additionally, Plaintiff asserts a claim under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and seeks declarations that BAC and BDFTE had no legal basis for the foreclosure action; that BAC, BDFTE, and the Federal National Mortgage Association have no legal interest in Plaintiff's property; and that the transfer of Plaintiff's property is legally

---

[7]     *Id.*, ¶ 12.

[8]     *Id.*, ¶ 13.

void.[9]  On February 10, 2011, Defendant BDFTE filed the instant Motion to Dismiss.[10]  That motion is now ripe for decision.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.*  Recent decisions by the Supreme Court have elaborated on the pleading standards for civil litigation. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  The Supreme Court emphasized two "working principles" underlying its decisions in *Iqbal* and *Twombly*: first, while a court must accept as true all factual allegations in a complaint, the court need not accept a complaint's legal conclusions as true; second, a complaint must state a "plausible claim for relief" in order to survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949-50.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

---

[9] *Id.* at 10-11.

[10] By Order dated June 13, 2011, Defendants BAC Home Loans Servicing LP and Federal National Mortgage Association were dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

the misconduct alleged." *Id.* at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Factual allegations are assumed to be true, even if doubtful in fact. *Twombly*, 550 U.S. at 555; *Lindquist v. City of Pasadena*, 525 F.3d 383, 386 (5th Cir. 2008).

Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim" showing that the pleader is entitled to relief. FED.R.CIV.P. 8(a). As the Supreme Court has emphasized, Rule 8 does not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 570, or "detailed factual allegations," *Iqbal*, 129 S. Ct. at 1949. In making this determination, the Court is mindful that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010).

### III. ANALYSIS

#### A. Fair Debt Collection Practices Act Claims

The FDCPA prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Plaintiff alleges that BDFTE's August 9, 2010, letter represents an "accounting fraud" and a "material misrepresentation" because it failed to state the

amount owed or any legal basis for collection.[11]  Therefore, Plaintiff alleges that BDFTE violated 15 U.S.C. §§ 1692e(2)(A),[12] 1692e(4),[13] 1692e(5),[14] and 1692e(10).[15] Plaintiff further alleges that the August 9, 2010 letter violated 15 U.S.C. § 1692f(1)[16] and § 1692g(b).[17]

---

[11]  Complaint, ¶¶ 14-15.

[12]  Section 1692e(2)(A) prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt . . . ."  15 U.S.C. § 1692e(2)(A).

[13]  Section 1692e(4) prohibits "[t]he representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action."  15 U.S.C. § 1692e(4).

[14]  Section 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. § 1692e(5).

[15]  Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).

[16]  Section 1692f(1) prohibits a "debt collector" from using "unfair or unconscionable means to collect or attempt to collect any debt" such as "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f.

[17]  Section 1692g(b) provides that if a consumer notifies a debt collector in writing within thirty days of receipt of a debt notice and disputes any portion of the debt or requests the name and address of the original creditor, the debit collector shall cease collection of the disputed portion of the debt until a verification of the debt or the name and address of the original creditor is mailed to the consumer by the debt collector.  15 U.S.C. § 1692g(b).

BDFTE moves to dismiss Plaintiff's FDCPA claims on the ground that BDFTE is not a "debt collector" under the provisions of the FDCPA on which Plaintiff relies. Rather BDFTE argues that it is a law firm hired by BAC to conduct a non-judicial foreclosure of Plaintiff's home.  BDFTE urges that it is considered a "debt collector" only for purposes of 15 U.S.C. § 1692f(6).  Section 1692f(6) prohibits a "debt collector" from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement."  15 U.S.C. § 1692f(6).  Plaintiff does *not* assert a claim under Section 1692f(6).[18]

> Section 1692a(6) defines "debt collector" under the FDCPA:
>
> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due asserted to be owed or due another . . . For the purpose of section 1692(f)(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests . . . .

15 U.S.C. § 1692a(6); *see Kaltenbach v. Richard*, 464 F.3d 524, 527 (5th Cir. 2006) ("By the plain language of the statute, therefore, a person whose business has the

---

[18]    Plaintiff's Response [Doc. # 10], ¶ 6.

principal purpose of enforcing security interests but who does not otherwise satisfy the definition of a debt collector is subject only to § 1692f(6)."). BDFTE argues that it only meets the definition of "debt collector" under 15 U.S.C. § 1692f(6). Plaintiff responds that BDFTE's status as a "debt collector" is evidenced in the August 9, 2010, letter, which stated: "The [FDCPA] requires us to notify you that [BDFTE] is a debt collector and this firm is attempting to collect a debt and any information obtained may be used for that purpose."

*Kaltenbach* involved facts similar to those presented here. In that case, the district court had granted the defendant's motion to dismiss and held that defendant Richards, the attorney who initiated the foreclosure proceeding against the plaintiff was not a debt collector under the FDCPA except for purposes of § 1692f(6), a claim that apparently had not been pleaded. The Fifth Circuit reversed, liberally construing the plaintiff's complaint to assert that the defendant was a debt collector under the definition applicable to the entire FDCPA and holding that "the entire FDCPA can apply to a party whose principal business is enforcing security interests but who nevertheless fits § 1692a(6)'s general definition of a debt collector." *Id.* at 528. The *Kaltenbach* Court further held that "a party who satisfies § 1692a(6)'s general definition of a 'debt collector' is a debt collector for the purposes of the entire FDCPA even when enforcing security interests." *Id.* at 529. That reasoning controls the case

at bar.[19] The Court reads Plaintiff's Complaint to assert that BDFTE is a debt collector under the definition applicable to the entire FDCPA. This allegation must be taken as true on a motion to dismiss under Rule 12(b)(6). Accordingly, Plaintiff has pleaded a cause of action under the FDCPA that is "plausible on its face." *See Iqbal*, 129 S. Ct. at 1949. BDFTE's Motion to Dismiss is denied as to Plaintiff's claims under the FDCPA.

### B. Civil Rights Claims

Plaintiff alleges that Defendants BAC and BDFTE violated 42 U.S.C. § 1981, 42 U.S.C. § 1982, and 42 U.S.C. § 1985 by individually and collectively interfering with her rights to possession of real property and to make and enforce contracts. Additionally, Plaintiff alleges Defendants deprived her of her Fifth Amendment right to due process by taking her home. BDFTE responds that Plaintiff's allegations are conclusory and include no facts that support a violation of civil rights. Therefore,

---

[19] The cases cited by BDFTE are inapplicable to the case at bar. BDFTE relies on *Brown v. Morris*, 243 F.App'x 31, 35 (5th Cir. 2007) (rejecting plaintiff's argument on appeal that defendant was *per se* a debt collector under the FDCPA after a jury had found that defendant did not meet the definition under the FDCPA); *Fouche v. Shapiro & Massey L.L.P.*, 575 F. Supp. 2d 776, 783-86 (S.D. Miss. 2008) (finding defendants did not meet definition of debt collector on summary judgment); *Frascogna v. Wells Fargo Bank, N.A.*, No. 3:07CV96 DPJ-JCS, 2009 WL 2843284 (S.D. Miss. Aug. 31, 2009) (same.). Those cases involved factual determinations that the defendants did not meet the definition of debt collector under the FDCPA. Those factual determinations are inappropriate on a motion to dismiss pursuant to Rule 12(b)(6), where the allegations in Plaintiff's complaint must be accepted as true.

BDFTE urges the Court to dismiss these claims under Rule 8(a) because Plaintiff has failed to make a plain statement of her claim.

Claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1982 require the plaintiff show intentional discrimination based on her race. *See Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001) (Section 1981); *Hanson v. Veterans Admin.*, 800 F.2d 1381, 1386 (5th Cir. 1986) (Section 1982); *accord Dehoyos v. Allstate Corp.*, 345 F.3d 290, 300 n.1 (5th Cir. 2003). Likewise, 42 U.S.C. § 1985(3) prohibits a conspiracy to deprive an individual of his civil rights and requires a plaintiff to show: "(1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994); *accord Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010). The Fifth Circuit has held that claims under Section 1985(3) must allege that the conspiracy was motivated by race or class-based animus. *See Lockett*, 607 F.3d at 1002; *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000); *Newberry v. East Texas State Univ.*, 161 F.3d 276, 281 n.2 (5th Cir. 1988); *Hilliard*, 30 F.3d at 652-53; *accord Thornton v. Merchant*, No. H-10-0616, 2011 WL 147929, at *11 (S.D. Tex. Jan. 18, 2011).

Plaintiff has not alleged facts in the Complaint showing how her civil rights were allegedly violated by any Defendant or how any activity was motivated by race or class-based animus. Plaintiff has not provided any factual basis for her conclusory statements that BDFTE violated her civil rights or that BDFTE conspired with others to violate her civil rights.

The Fifth Amendment of the United States Constitution guarantees that "no person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." U.S. CONST. amend.V. "The Fifth Amendment applies only to the actions of the federal government." *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996); *accord Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). Plaintiff does not allege that BDFTE is a federal actor. Further, the Fifth Circuit has held that "there is no sufficient nexus to transform the private mortgagee's act into that of the federal government." *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 358 (5th Cir. 1977). In *Roberts*, the court determined that the Federal National Mortgage Association was a private mortgagee and therefore not required to comply with the due process clause of the Fifth Amendment when exercising a private foreclosure. *Id.* at 358-60. Further, the Fifth Circuit has held that for purposes of the Fourteenth Amendment, no significant state action is involved in a non-judicial foreclosure made pursuant to the Texas Property Code. *Barrera v. Security Bldg. & Inv. Corp.*, 519 F.2d 1166, 1169

(5th Cir. 1975); *accord Williams v. Cheyenne Crossing Residential Ass'n*, No. 4:10cv34, 2010 WL 5287509, at *3 (E.D. Tex. Dec. 17, 2010) (collecting cases).

Plaintiff has not alleged facts showing that any federal or state actor was involved in the foreclosure of her home. Plaintiff's allegations do not state a claim for violation of the Fifth Amendment with a request for relief that is "plausible on its face." *See Iqbal*, 129 S. Ct. at 1949.; *Roberts*, 556 F.3d at 358.

Accordingly, Plaintiffs' allegations under 42 U.S.C. § 1981, 42 U.S.C. § 1982, and 42 U.S.C. § 1985 are dismissed without prejudice . Plaintiff may replead these claims by the deadline established below, if she can do so with a reasonable factual and legal basis. *See* Section III.E, *infra*.

### C.     Declaratory Judgment

Plaintiff also asserts a cause of action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201-02. Plaintiff seeks declarations that Defendants' conduct was willful and committed with extreme malice; that BAC and BDFTE had no legal basis for the foreclosure action; that BAC, BDFTE, and Federal National Mortgage Association have no legal interest in Plaintiff's property, and that the transfer of Plaintiff's property is legally void. Additionally, Plaintiff seeks a mandatory declaration setting aside any sale and/or transfer of Plaintiff's home and prohibiting any further actions against Plaintiff or Plaintiff's property by Defendants. Defendant

BDFTE has not moved to dismiss this claim.

### D. State Law Claims

BDFTE argues that Plaintiff's state law claims must fail because there is no valid federal question claim and therefore this Court lacks subject-matter jurisdiction. BDFTE is incorrect. At this time, Plaintiff has pleaded federal questions under the FDCPA and the Declaratory Judgment Act. This Court therefore has supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with a viable federal claim pursuant to 28 U.S.C. § 1367(a). *See Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 293 (5th Cir. 2010).

Alternatively, BDFTE argues that Plaintiff's state law claims must fail because she is not a "consumer" within the meaning of the Texas Deceptive Trade Practices Act ("TDPTA"). Further, BDFTE argues that Plaintiff cannot bring suit under the Texas Debt Collection Practices Act ("TDCPA") because BDFTE is not a "debt collector" within the meaning of that statute. While BDFTE may well be correct about its interpretation of those statutes, Plaintiff's state law claims are not based on either the TDCPA or the TDTPA and thus these claims cannot be dismissed.[20]

Plaintiff brings claims under Texas state law for reckless and intentional

---

[20] The only mention of these statutes in Plaintiff's complaint is an assertion that she is a consumer "within the meaning . . . of the Consumer Laws of the State of Texas." Complaint, at 1.

infliction of emotional distress, common law fraud, common law negligent misrepresentation, and civil conspiracy, which are addressed hereafter.

***Reckless and Intentional Infliction of Emotional Distress.*** – Texas law recognizes a cause of action for intentional infliction of emotional distress and requires the plaintiff to establish that: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Hoffmann-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004) (citing *Standard Fruit & Venetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998)). The outrageous conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hoffman*, 144 S.W.3d at 445 (quoting *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)). "[M]ere insults, indignities, threats, annoyances, petty oppressions, or other trivialities do not rise to the level of extreme and outrageous conduct." *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex. 1999).

Plaintiff argues that by providing fraudulent notices and statements, taking improper legal action without just cause, threatening to sell Plaintiff's home, and by violating federal and state law, Defendants willfully, maliciously, intentionally, and

outrageously caused Plaintiff to suffer extreme mental suffering. Plaintiff alleges that such mental anguish is evidenced by her constant fear of being rendered homeless, anxiety and fear of financial insecurity, exacerbated health conditions, humiliation, and headaches. The only conduct Plaintiff alleges in her complaint, however, is BDFTE's August 9, 2010 letter, and the subsequent foreclosure of her home.

Plaintiff has failed to allege facts demonstrating how BDFTE's letter, and the subsequent foreclosure of her home, could have risen to the level of being "extreme and outrageous." *See Whittle v. Miles Homes, Inc.*, No. 92-1761, 1993 WL 209969, at * 3 (5th Cir. Jun. 4, 1993) (finding that "[t]he sending of [a foreclosure notice] is, as a matter of law, not sufficient in itself to create liability for intentional infliction of emotional distress" under Texas law.); *see Lopez v. Countrywide Mortg.*, No. 2:06-116, 2008 WL 4682040, at * 7 (S.D. Tex., Oct. 20, 2008) (finding that law firm's alleged false filing of documents in a non-judicial foreclosure was not "extreme and outrageous" behavior under Texas law). Plaintiff has alleged facts that, taken as true, fail to state a claim for relief for reckless or intentional infliction of emotional distress that is "plausible on its face." *See Iqbal*, 129 S. Ct. at 1949. Accordingly, Plaintiff's claims of reckless and intentional infliction of emotional distress are dismissed without prejudice. Plaintiff may replead these claims by the later date identified

below, but must identify the particular conduct by BDFTE that she alleges was extreme and outrageous. *See* Section III.E, *infra*.

***Common Law Fraud.*–** The elements of fraud under Texas law are: "(1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with intent; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury." *Shandong Yinguang Chemical Industries Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). Rule 9 of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "Put simply, Rule 9(b) requires the 'who, what, when, where, and how' to be laid out." *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (quoting *Benchmark Elecs. Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)).

Plaintiff argues that through the August 9, 2010 letter, BDFTE intentionally misrepresented the legitimate nature of the foreclosure action by purporting to collect

a debt not owed to it. Plaintiff alleges that BDFTE knew this letter "would deceive the Plaintiff into thinking that the Defendants had a legal right to foreclosure on her home."[21] Plaintiff has not stated exactly what BDFTE said that was false[22] or how she relied on BDFTE's representation, two necessary elements of the cause of action. For example, Plaintiff does not allege whether she secured alternative housing in reliance on BDFTE's foreclosure notice or if she made subsequent payments to BAC as requested by the letter. As such, Plaintiff has failed to state a claim for relief of common law fraud that is "plausible on its face." *See Iqbal*, 129 S. Ct. at 1949. Accordingly, Plaintiff's claim of common law fraud is legally insufficient. Plaintiff must abandon this claim or replead it, as ordered hereafter. *See* Section III.E, *infra*.

***Common Law Negligent Misrepresentation.*** – "To recover under Texas law for negligent misrepresentation, plaintiffs must prove that (1) the defendant made a representation in the course of his business, or in a transaction in which he had a pecuniary interest, (2) the defendant supplied false information for the guidance of others in their business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation." *Great Plains*

---

[21] Complaint, ¶ 34.

[22] Plaintiff alleges only that Defendants caused "letters and notices to be sent to the Plaintiff purporting a debt that was not owed to them." *Id.*, ¶ 33.

*Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 318 (5th Cir. 2002) (citing *First Nat'l Bank of Durant v. Trans Terra Corp. Int'l*, 142 F.3d 802, 809 (5th Cir. 1998), and *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)).; *accord Abilene Regional Medical Center v. United Indus. Works Health and Benefits Plan*, No. 06-10151, 2007 WL 715247, at * 5 (5th Cir. Mar. 6, 2007) (unpublished).

Plaintiff argues that BDFTE's August 9, 2010 letter amounted to a negligent misrepresentation by Defendants because Defendants carelessly made representations that they were not reasonably justified in believing as true. However, Plaintiff only states that BDFTE's letter caused her to believe BDFTE had a legal right to foreclose on her home and does not explain what exactly was false or how she justifiably relied on the letter, necessary elements of this cause of action. As such, Plaintiff has failed to state a claim of relief for common law negligent misrepresentation that is "plausible on its face." *See Iqbal*, 129 S. Ct. at 1949. Accordingly, Plaintiff's claim of common law negligent misrepresentation is dismissed without prejudice. Plaintiff may replead these claims by a later date. *See* Section III.E, *infra*.

*Civil Conspiracy.* – The elements of civil conspiracy under Texas law are: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result." *Wackman v. Rubsamen*, 602 F.3d 391, 408 (5th Cir. 2010)

(quoting *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005)). "Civil conspiracy requires 'specific intent' to agree 'to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.'" *Id.* at 408 (quoting *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996)). "'The parties must be aware of the harm or wrongful conduct at the inception of the combination or agreement.'" *Id.* at 408 (quoting *Triplex Commc'ns, Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex. 1995)).

Plaintiff alleges that Defendants committed civil conspiracy by acting in concert and with a specific purpose to send threatening and harassing letters to Plaintiff and to effectuate an illegal foreclosure of Plaintiff's home. Plaintiff alleges that Defendants caused Plaintiff's home to be sold at auction below its market price. Accordingly, liberally construing her complaint, Plaintiff has stated a claim for relief for civil conspiracy that is "plausible on its face." *See Iqbal*, 129 S. Ct. at 1949.

### E.  Opportunity to Amend

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court

that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. Of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted); *accord Mosley v. Bowie Cnty, Tex.*, 275 F.App'x 327, 328 (5th Cir. 2008). The interests of justice mandate that Plaintiff be given an opportunity to amend her complaint. She must do so by **July 18, 2011**. Plaintiff may not plead a claim for which she has no good faith factual and legal basis. *See* FED. R. CIV. P. 11(b). Plaintiff will also be permitted to amend her complaint further, if necessary, on or before a date to be set by the Court at the initial pretrial conference, which deadline will be after initial disclosures and some discovery.

## IV. CONCLUSION AND ORDER

Based on the foregoing and in accordance with this memorandum, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 3] is **DENIED in part** and **GRANTED in part**. It is further

**ORDERED** that Plaintiff must amend her pleadings by **July 18, 2011.**

SIGNED at Houston, Texas, this 21st day of **June, 2011.**

Nancy F. Atlas
United States District Judge